**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FIRST NIAGARA BANK, N.A.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREENSBURG ENVIRONMENTAL CONTRACTING SYSTEMS, INC.,,**<br><br>**Defendant.** | **2:13-mc-00147** |
| **FIRST NIAGARA BANK, N.A.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JOHN H. MILLER and LINDA E. MILLER,**<br><br>**Defendants.** | **2:13-mc-00149** |

**<u>MEMORANDUM OPINION AND ORDER OF COURT</u>**

Pending before the Court are nearly duplicative motions to stay the above-captioned proceedings and/or a parallel state court proceeding filed at two separate civil action numbers: the MOTION FOR RELIEF FROM JUDGMENT AND/OR STAY PROCEEDINGS, filed by Defendant Environmental Contracting Systems Inc., (13-mc-147, ECF No. 8); PLAINTIFFS CROSS-MOTION FOR ENTRY OF AN ORDER STAYING COURT PROCEEDINGS AND REQUEST FOR AN EXPEDITED HEARING ON SUCH CROSS-MOTION (13-mc-147; ECF No. 10); the MOTION FOR RELIEF FROM JUDGMENT AND/OR TO STAY PROCEEDINGS (13-mc-149; ECF No. 10) filed by Defendants John H. Miller and Linda E. Miller; and the PLAINTIFF'S CROSS-MOTION FOR ENTRY OF AN ORDER STAYING

STATE COURT PROCEEDINGS AND REQUEST FOR AN EXPEDITED HEARING ON SUCH CROSS-MOTION (13-mc-149; ECF No.13). The motions have been fully briefed.

By Memorandum Order dated May 22, 2013, the Court granted the request for an expedited hearing on whether an Order staying the state court proceedings should be entered. The Court heard argument on that limited issue on Friday, May 24, 2013. Accordingly, that aspect of the matters is ripe for disposition.

## I. Background

Defendant Greensburg Environmental Contracting Systems Inc. is a Pennsylvania corporation with a last known principal place of business in Greensburg, PA. John H. Miller and Lisa E. Miller (husband and wife) were officers of that corporation.

Greensburg Environmental obtained a loan in an original principal amount of $500,000.00 from National City Bank of Pennsylvania on September 6, 2005. At that time, the Millers also allegedly guaranteed any and all indebtedness of Greensburg Environmental to National City Bank of Pennsylvania, pursuant to a "Commercial Guaranty." Under the Guaranty, the Millers apparently jointly and severally agreed to unconditionally guarantee all obligations of Greensburg Environmental to National City Bank of Pennsylvania, its successors and assigns.

Several modifications to the original Note followed. The original Note was first modified on May 2, 2007 between Greensburg Environmental and National City Bank[1], increasing the principal amount to $750,000.00. In September 2009, the loan and all related collateral were assigned by National City Bank to First Niagara Funding Inc. On March 11, 201, Greensburg Environmental next executed and delivered to First Niagara a "Demand Grid Note" in the principal amount of $1,000,000.00, and the parties agreed to increase the amount of the loan

1. National City Bank is the successor by merger to National City Bank of Pennsylvania.

under the original note. Pursuant to a series of "Assignment and Assumption Agreements," First Niagara then assigned all of its rights in the Note to First Niagara Funding, Inc. on March 31, 2011, which ultimately assigned all of its right in the Note to First Niagara Bank, N.A. (the "Plaintiff") on March 22, 2013.

Most importantly, the Note and Guaranty both contain a section entitled "Confession of Judgment." The provision in the Note authorizes and empowers Plaintiff to confess or enter judgment against Greensburg Environmental for "all sums due that may become due under the Note, with costs of suit, without stay of execution and with an amount equal to ten percent (10%) of the amount of such judgment, for not less than $1,000.00 for attorneys' collection fees." ECF No. 1-4 at 5, ¶ 14 (13-mc-147). The provision in the Guaranty authorizes and empowers Plaintiff to confess or to enter judgment against the Millers for "the entire principal balance of th[e] Guaranty and all accrued interest late charges and any and all amounts expended or advance[d] by lender relating to any of the collateral securing the Indebtedness, together with costs of suit, and attorneys' commission of ten percent (10%) of the unpaid principal balance and accrued interest." ECF No. 1 at 4, ¶ 16 (13-mc-149).

By letter dated January 31, 2013, Plaintiff made a demand on Greensburg Environmental and the Millers for the full payment and performance of the Note. Allegedly, Greensburg Environmental and/or the Millers failed to pay the Note in full or otherwise remedy the default under the Loan documents.

Accordingly, Plaintiff, First Niagara Bank, N.A. ("First Niagara"), filed Verified Complaints in Confession of Judgment on April 3, 2012 against Greensburg Environmental Contracting Systems, Inc. at civil action number 13-mc-147 and against John H. Miller and

Linda E. Miller (both residents of Utah) at civil action number 13-mc-149).[2] Plaintiff avers that Greensburg Environmental and/or the Millers are currently indebted to First Niagara and seeks the aggregate principal amount of $705, 434.53 with interest thereon at the Prime Rate through March 6, 2013 in the amount of $6,962.91, plus late charges of $323.08 and attorneys' fees of $70,643.45 (calculated at 10% of the outstanding principal amount), for a total of **$784,363.97**, together with interest thereon from March 6, 2013 to the date of Judgment at a per diem rate of $53.78. Plaintiff also seeks post-judgment interest and the costs of collection (the "Total Indebtedness"). On April 3, the Clerk of Court filed an Entry of Judgment By Confession and Assessment of Damages in favor of Plaintiff and against Greensburg Environmental for the Total Indebtedness stated in the Complaint; an identical entry of judgment in favor of Plaintiff and against the Millers was filed the following day. Plaintiff thereafter domesticated the Judgment in the Court of Common Pleas of Westmoreland County, Pennsylvania on April 9, 2013 pursuant to Rule 3002 of the Pennsylvania Rules of Civil Procedure and the Pennsylvania Uniform Enforcement of Foreign Judgments Act, 42 Pa. Cons. Stat. § 4306.

Following entry of the state court judgment, Counsel for Greensburg Environmental and the Millers filed a Motion for Relief of Judgment on May 2, 2013 at both federal civil action numbers. In said motion, Counsel notes that the defendants have filed a Petition seeking relief from the judgment with the Court of Common Pleas of Westmoreland County and requests that this Court grant relief from the judgment pursuant to Fed. R. Civ. P. 60(b), or alternatively stay the federal court actions pending a determination by the state court.[3]

---

2. At the oral argument held on May 24, 2013, Counsel for Defendants represented to the Court that Ms. Miller is presently residing in Greensburg, Pennsylvania.

3. Defendants' state court Petition to Strike and/or Open Judgment by Confession and For Stay of Execution contains fourteen counts at which he repetitively states the following: (1) the Miller's did not execute or guaranty the $1,000,000.00 Grid Note; (2) judgment was confessed for an excessive amount; (3) the attorneys' fees are excessive as a matter of law; (4) Plaintiff is not the proper party to this action; (5) Plaintiff failed to comply with the

Plaintiff opposes that filing in its entirety on two grounds. First, Plaintiff argues that Defendants have failed to set forth sufficient bases to strike or open the judgment.[4] Second, Plaintiff submits that this Court is the proper forum to adjudicate any issues regarding the validity of the judgment, and therefore, Defendants' motion to stay should be denied.

Plaintiff also filed a cross-motion on May 17, 2013 in which it moves for the Court to enter an order staying the state court proceeding, relying primarily on the All Writs Act, 28 U.S.C. § 1651 and various interpretations that the statute provides district courts with the authority to stay state court actions to protect and/or effectuate final judgments. ECF No. 14 at 2 (citing *Baker v. Gotz*, 415 F. Supp. 1243, 1246 (D. Del. 1976), *aff'd*, 546 F.2d 415 (3d Cir. 1976)). Plaintiff also requested that the Court hold an expedited hearing on the motion(s) to stay because Defendants' Counsel intends to present the State Court Petition to the motions judge in Westmoreland County on May 31, 2013, and will seek a rule to show cause why such petition should not be granted. This Court granted the request for a hearing.

---

rules of civil procedure; and (6) there is no evidence that the alleged guarantors consented to the increase in the Demand Note.

4. Plaintiff cites to the Court of Appeals for the Third Circuit, applying Pennsylvania law, for the applicable standard:

> A motion to strike a judgment will be granted only if a fatal defect or irregularity appears on the face of the judgment, and the defect must be alleged in the motion to strike. *See Manor Bldg. Corp. v. Manor Complex Associates*, 645 A.2d 843, 846 (Pa. Super. 1994). In determining whether there is a defect, the court must review together the confession of judgment clause complained of and the complaint itself. *See id.* at 252, 645 A.2d 843. The facts averred in the complaint are to be taken as true; if the debtor disputes their truth, the remedy is a motion to open the judgment. *See id.* Circumstances in which a judgment should be stricken include a creditor's lack of authority to confess judgment, *see, e.g., Germantown Sav. Bank v. Talacki*, 657 A.2d 1285, 1291-92 (Pa. Super. 1995); entry of judgment by means not in accord with provisions of a warrant of attorney, *see, e.g., Scott Factors, Inc. v. Hartley*, 228 A.2d 887, 888-89 (Pa 1967); and warrants that are not in writing, or not signed directly by the person to be bound by them, *see, e.g., Shidemantle v. Dyer*, 218 A.2d 810, 811 (Pa. 1966).

*F.D.I.C. v. Deglau*, 207 F.3d 153, 167 (3d Cir. 2000). *See Deglau*, 207 F.3d at 167 ("Pennsylvania law should govern the substantive aspect of Rule 60(b) motions to open or strike judgment.").

On May 23, 2013, Defendants filed a response in opposition the cross-motion for entry of a stay of the state court proceedings. Defendants submit that the Pennsylvania Rules of Civil Procedure expressly permit them to take such action in state court.

This Court heard argument today. At the oral argument, Counsel for Plaintiff submitted that the Supreme Court has identified four factors relevant to staying a decision, seemingly relying on some aspects of the *Colorado River* doctrine: (1) which court first exercised jurisdiction; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the presence of federal law issues. Plaintiff's Counsel concluded that only the fourth factor weighs against her motion to stay and asked this Court to enjoin the parallel proceeding while it resolves the Rule 60 motion presently pending. In response, Counsel for Defendants disputed many of those factors, submitted that Plaintiffs brought them into both forums, and concluded that they now have the forum of their choosing in which to litigate the underlying merits of these cases. The Court will address these positions.

## II. Discussion

District courts are empowered by the All-Writs Act to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651(a). "This authority is limited, however, by the Anti-Injunction Act, which prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). *See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liab. Litig.*, 369 F.3d 293, 305 (3d Cir. 2004) ("The two statutes act in concert, and if an injunction falls within one of the Anti–

Injunction Act's three exceptions, the All–Writs Act provides the positive authority for federal courts to issue injunctions of state court proceedings.") (citations, quotation marks and brackets omitted). The exceptions in the Act are to be construed narrowly; "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d at 103-04 (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970).

Relevant here, the third exception of the Anti-Injunction Act—"to protect or effectuate its judgments"—is known as the "re-litigation exception." *In re Diet Drugs*, 369 F.3d at 305. This exception is "founded on the well-recognized concepts of *res judicata* and collateral estoppel" and "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Id.*

Fairly recently, the Supreme Court of the United States explained the preconditions to the implementation of the re-litigation exception. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2376 (2011). "First, the issue the federal court decided must be the same as the one presented in the state tribunal; and second, the parties in the state lawsuit must have been parties in the federal lawsuit or must fall within one of the few discrete exceptions to the general rule against binding nonparties." WRIGHT & MILLER, § 4226 Exceptions to Act—In General—Protect or Effectuate Its Judgments, 17A Fed. Prac. & Proc. Juris. § 4226 (3d ed.) (citing *Smith*, 131 S. Ct. at 2368). Likewise, the United States Court of Appeals for the Fifth Circuit also recognized that "[t]o apply the exception, the parties to the original action must have actually disputed the issue and the trier of fact must have actually resolved it." *St. Paul Mercury Ins. Co. v. Williamson*, 224

F.3d 425, 448 (5th Cir. 2000). Our court of appeals has apparently neither embraced nor rejected that prerequisite.

At least one Pennsylvania Supreme Court decision has recognized that the entry of a judgment by way of a confession of judgment has the same finality qualities as any matter tried on the merits. In *Kostenbader v. Kuebler*, the Court stated that "[t]he record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict." 48 A. 972 (Pa. 1901) (citation omitted). *See* also *In re Stivala Investments, Inc.,* 394 B.R. 778, 782 (Bankr. M.D. Pa. 2008) ("Although a confession of judgment need not be litigated by the debtor, "the record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict." ) (citation omitted); 11 Standard Pennsylvania Practice 2d § 67:3 (West 2013) (recognizing the same). Accordingly, it appears that this Court does indeed have the power to stay the state court proceedings when that issue is viewed in isolation. *But c.f. Smith*, 131 S. Ct. at 2375-76 ("Every benefit of the doubt goes toward the state court" and "issuing an injunction under the re-litigation exception is resorting to heavy artillery.").

However, the Pennsylvania Rules of Civil Procedure also appear to grant Defendants the authority to have filed the petition in state court. Rule 2959 of the Pennsylvania Rules of Civil Procedure—Relief from a judgment by confession shall be sought by petition—states that "[t]he petition *may* be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment." Pa. R. Civ. P.

2959(a)(1). Therefore, it also appears that Defendants have the forum of their choosing in which they may litigate these actions.

Here, Defendants made that choice and seek to pursue their position in the Court of Common Pleas of Westmoreland County which Plaintiff ardently opposes. Arguing that several factors militate against giving Defendants their choice of forum, Plaintiff invokes various equitable powers of the Court and abstention principals. The Court certainly agrees that some those matters are relevant to the disposition of the motions, but holds a contrary opinion than Plaintiff. Accordingly, the Court will not exercise its power to enjoin any proceeding in that forum at this juncture.

Perhaps more importantly, the above-captioned proceedings will be stayed in this Court. Several factors compel this result. Contrary to the assertion of Plaintiff, the Court finds that Westmoreland County—where two of the Defendants currently reside—is the more convenient forum; the easy accessibility of Counsel to the Federal Courthouse is of no import. The Court also endeavors to avoid piecemeal litigation, although it could certainly stay the state proceeding to achieve that result. However, this action is a state matter, and the substantive laws of the Commonwealth control. The Court is confident that the Court of Common Pleas of Westmoreland County will adequately protect the interests of the parties.

## III. Conclusion

For the reasons hereinabove stated, the Court will stay the actions pending before the undersigned. An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FIRST NIAGARA BANK, N.A.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREENSBURG ENVIRONMENTAL CONTRACTING SYSTEMS, INC.,,**<br><br>**Defendant.** | **2:13-mc-00147** |
| **FIRST NIAGARA BANK, N.A.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**JOHN H. MILLER and LINDA E. MILLER,**<br><br>**Defendants.** | **2:13-mc-00149** |

**ORDER OF COURT**

AND NOW, this 24th day of May 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that MOTION FOR RELIEF FROM JUDGMENT AND/OR STAY PROCEEDINGS, filed by Defendant Environmental Contracting Systems Inc., (13-mc-147, ECF No. 8) is **GRANTED IN PART**; PLAINTIFFS CROSS-MOTION FOR ENTRY OF AN ORDER STAYING COURT PROCEEDINGS AND REQUEST FOR AN EXPEDITED HEARING ON SUCH CROSS-MOTION (13-mc-147; ECF No. 10) is **DENIED IN PART**; the MOTION FOR RELIEF FROM JUDGMENT AND/OR TO STAY PROCEEDINGS (13-mc-149; ECF No. 10) filed by Defendants John H. Miller and Linda E. Miller is **GRANTED IN PART**; and the PLAINTIFF'S CROSS-MOTION FOR ENTRY OF

AN ORDER STAYING STATE COURT PROCEEDINGS AND REQUEST FOR AN EXPEDITED HEARING ON SUCH CROSS-MOTION (13-mc-149; ECF No.13) is **DENIED IN PART**, the substance of which is hereinabove outlined in the Memorandum Opinion.

The above-captioned civil actions are hereby **STAYED** pending the outcome of the nearly identical matter filed in the Court of Common Pleas of Westmoreland County.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: Counsel of Record